UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                      )
                                            )
ABDULLAH I ABDUL-RAHIM, and                 )    Case No. 11-48227-659
STEPHANIE A. ABDUL-RAHIM,                   )    Chapter 13
                                            )
            Debtors.                        )    **PUBLISHED**

**O R D E R**

The matter before the Court is the Trustee's Objection to Exemptions Claimed in Unliquidated Personal Injury Claim and Debtors' Response to Trustee's Objection to Exemptions Claimed in Unliquidated Personal Injury Claim.  A hearing was held on the matter on April 5, 2012 at which Trustee appeared in person and Debtors appeared by counsel and presented brief oral argument.  At that time, this Court indicated that it would sustain Trustee's Objection to Exemptions Claimed in Unliquidated Personal Injury Claim. The Court makes the following findings and conclusions:

Debtors filed their Joint Petition under Chapter 13 of the Bankruptcy Code on August 3, 2011.  On February 7, 2012, Debtors filed an Amended Schedule B which for the first time listed a personal injury claim on line 21 (hereinafter "Personal Injury Claim").  That same day, Debtors also filed an Amended Schedule C in which Debtors claimed any recovery from the Personal Injury Claim as exempt pursuant to Missouri Statute Section 513.427 and Missouri common law.  On February 27, 2012, Trustee filed Objection to Exemption Claimed in Unliquidated Personal Injury Claim.  On March 23, 2012, Debtors filed Debtors' Response to Trustee's Objection to Exemption Claimed in Unliquidated Personal Injury  Claim.

This Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2011) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (2011). Venue is

proper in this District under 28 U.S.C. § 1409(a) (2011).

When a debtor files for protection under the Bankruptcy Code, an estate is created. *See* 11 U.S.C. § 541(a) (2011). A bankruptcy estate includes all legal and equitable interests of the debtor in property. *Id.* The Bankruptcy Code allows debtors to exempt certain property from the estate. Exemptions are dictated by Section 522(d) of the Bankruptcy Code. Under Section 522(b)(2), a state may opt out of the federal exemptions outlined in Section 522(d) and thereafter, debtors domiciled in that state must avail themselves to the exemptions available pursuant to state law. See *In re Benn,* 491 F.3d 811, 813 (8th Cir. 2007). Missouri has opted out of the federal bankruptcy exemptions, and did so under Section 513.427. *Id.* at 813-14.

The Eighth Circuit has stated that the term *exemption* is a term of art and "in the context of [11 U.S.C.] § 522, [exemption] refers to laws enacted by the legislative branch which explicitly identify property [that] judgment-debtors can keep away from creditors for reasons of public policy." *In re Benn,* 491 F.3d at 814 (citation omitted). Missouri Statute Section 513.427 states:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

R.S.Mo. § 513.427 (2011).

Per Debtors' Amended Schedule C, Debtors attempt to assert that Missouri Statute Section 513.427 is itself an exemption statute under which Debtors' personal injury claim may be exempt. The Eighth Circuit in *In re Benn* has already stated that Missouri Statute Section 513.427 is not an exemption statute and rather is purely an opt-out provision. *In re Benn,* 491 F.3d at 812, 815. Consequently, only property that is explicitly excluded under a Missouri statute or a federal statute *other than Title 11 of the United States Code, Section 522(d),* may be exempt from the bankruptcy estate.

A personal injury claim is part of a bankruptcy estate insofar that it is a legal and equitable interest of a debtor. No Missouri statute or federal statute *other than Title 11 of the United States Code, Section 522(d),* explicitly exempts personal injury claims. As a result, a personal injury claim may not be exempted from the bankruptcy estate. *See In re Mahony,* 374 B.R. 717, 720 (Bankr. W.D. Mo. 2007); see also *Dylewski v. Amco Ins. Co.,* 2010 WL 1727870 at *3 (E.D. Mo. 2010)(where the District Court for the Eastern District of Missouri concluded that although some previous Missouri case law suggested that personal injury claims might be exempt, personal injury claims are not exempt from inclusion in the bankruptcy estate because no Missouri statute explicitly does so as is required by the Eighth Circuit). Therefore, Debtors may not exempt the Personal Injury Claim pursuant to Missouri Statute Section 513.427.

Nonetheless, Debtors further argue that Debtors may exempt the Personal Injury Claim pursuant to Missouri common law, and that the holding in *In re Benn* does not prohibit Missouri common law as a basis for an exemption in a Bankruptcy case. In support thereof, Debtors cite to *Butner v. United States* in which the Supreme Court stated:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." Lewis v. Manufacturers National Bank, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323. The justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests, including the interest of a mortgagee in rents earned by mortgaged property.

*Butner v. U.S.,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Based on *Butner,* Debtors argue that debtors should have the same protections and interest in property under federal law as debtors would under state law. As such, Debtors argue that since personal injury claims are exempt from attachment pursuant to Missouri common law insofar that Missouri Courts have

3

interpreted Missouri Statute Section 513.427 to be an exemption statute pursuant to which personal injury claims are exempt from attachment, personal injury claims should also be exempt from a bankruptcy estate pursuant to the application of Missouri law in federal Bankruptcy law.

This Court rejects Debtors' position. Debtors correctly state that Missouri Courts have long held that personal injury claims are exempt from attachment. Therefore, because personal injury claims are not exempt under Bankruptcy law, a Bankruptcy trustee has the ability to seek more assets to repay creditors than a creditor outside of bankruptcy. This result only appears to be in contravention of *Butner.* The Supreme Court in *Butner* made the qualifying statement that *'unless some federal interest requires a different result,'* property rights should be the same under both state and federal law. This Court submits that the federal interests in balancing the multiple purposes of the Bankruptcy Code are sufficient justification for why a debtor who seeks the protections, privileges and relief available under the Bankruptcy Code must also avail themselves to the extent required for the trustee to maximize assets to pay creditors; this includes the inability of debtors to exempt unliquidated personal injury claims. Specifically, the Eighth Circuit stated:

> [W]e do not think it unreasonable to expect that the Missouri legislature might grant powers or remedies to a bankruptcy trustee that are unavailable to a non-bankruptcy creditor. As the Trustee points out, it is 'a basic quid pro quo of bankruptcy' that 'debtors receive extraordinary relief that is unavailable outside of bankruptcy by obtaining a bankruptcy discharge, and bankruptcy trustees have powers that are unavailable to creditors outside of bankruptcy in order to provide the body of creditors as a whole a chance at some recovery.' That common law remedies available to a non-bankruptcy creditor would not reach certain property interests of the debtor does not inexorably lead to the conclusion that the legislature would elect as a matter of policy to create an exemption that excludes that property from the bankruptcy estate.

*In re Benn,* 491 F.3d at 816 (citation omitted).

The Eighth Circuit has concluded that unless a *Missouri statute* expressly exempts property or an interest in property from attachment, that property or property interest is included in the bankruptcy estate. Missouri common law is not a Missouri statute, and therefore, under the

4

direction of the Eight Circuit as set forth in *In re Benn*, Missouri common law does not serve as a basis for an exemption from a bankruptcy estate under federal bankruptcy law. *Contra Russell v. Healthmont of Missouri, LLC,* 348 S.W.3d 784, 787-88 (Mo. App. 2011)("Under Missouri law, an unliquidated, personal-injury claim can, if the proper procedures are followed and conditions satisfied, be exempted from [a] bankruptcy estate pursuant to § 513.427").  Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Exemptions Claimed in Unliquidated Personal Injury Claim is **SUSTAINED** and the claimed exemptions are not allowed.

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 18, 2012
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Andrew R Magdy
Macey Bankruptcy Law
515 Olive
Ste. 702
St. Louis, MO 63101

Erik Matthew Papke
Kramer & Hand LLC
712 Maple St
Hillsboro, MO 63050

Abdullah and Stephanie Abdul-Rahim
3729 Pennsylvania Ave
Saint Louis, MO 63118

Charles E. N. Rosene
Legal Helpers PC
515 Olive Street, Suite 702
Saint Louis, MO 63101

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

5